**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ARNOLD GOLDBERG, | Case No. 15-28900 |
| Debtor. | |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on March 6, 2018 at 10:30 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, in Courtroom 744 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached **SECOND AND FINAL APPLICATION OF JONATHAN E. STROUSE AND HARRISON & HELD, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL TAX COUNSEL TO ARNOLD GOLDBERG FOR THE FEE PERIOD OF MAY 18, 2016 THROUGH FEBRUARY 7, 2018** a copy of which is hereby served upon you.

Dated: Chicago Illinois  
February 13, 2018

                                                              Respectfully submitted,

                                                              */s/  Jonathan E. Strouse*

                                                              Jonathan E. Strouse (ARDC # 6194263)  
                                                              George N. Vurdelja (ARDC # 6181504)  
                                                              **Harrison & Held LLP**  
                                                              333 W. Wacker Drive, Suite 1700  
                                                              Chicago, IL 60606  
                                                              Telephone: (312) 332-1111  
                                                              Facsimile: (312) 332-1150

                                                              *Attorneys for Arnold Goldberg*

## **CERTIFICATE OF SERVICE**

     Jonathan E. Strouse, an attorney, certifies that on February 13, 2018, he caused this **NOTICE OF MOTION** and **SECOND AND FINAL APPLICATION OF JONATHAN E. STROUSE AND HARRISON & HELD, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL TAX COUNSEL TO ARNOLD GODLBERG FOR THE FEE PERIOD OF MAY 18, 2016 THROUGH FEBRUARY 7, 2018** to be served electronically using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

The following is the list of parties who are currently on the list to receive email notice/service for this case:

Lawrence M. Benjamin on behalf of Accountant Marcum LLP
lbenjamin@ngelaw.com; rwills@ngelaw.com

Lawrence M. Benjamin on behalf of Attorney Neal, Gerber & Eisenberg LLP
lbenjamin@ngelaw.com; rwills@ngelaw.com

Lawrence M. Benjamin on behalf of Debtor 1 Arnold Goldberg
lbenjamin@ngelaw.com; rwills@ngelaw.com

Lawrence M. Benjamin on behalf of Defendant LPLP, Inc.
lbenjamin@ngelaw.com; rwills@ngelaw.com

Lawrence M. Benjamin on behalf of Defendant Lincolnshire Properties, LP
lbenjamin@ngelaw.com; rwills@ngelaw.com

Lawrence M. Benjamin on behalf of Defendant The Ponds, LLC
lbenjamin@ngelaw.com; rwills@ngelaw.com

Lawrence M. Benjamin on behalf of Defendant Arnold Goldberg
lbenjamin@ngelaw.com; rwills@ngelaw.com

Robert R. Benjamin on behalf of Creditor Stuart Gilman
rrbenjamin@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law; r61390@notify.bestcase.com

Robert R. Benjamin on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
rrbenjamin@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law; r61390@notify.bestcase.com

Beverly A. Berneman on behalf of Creditor Stuart Gilman
baberneman@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law

Beverly A. Berneman on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
baberneman@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law

Anthony J. D'Agostino on behalf of Creditor Stuart Gilman
ajdagostino@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law; sbahena@gct.law

Anthony J. D'Agostino on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
ajdagostino@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law; sbahena@gct.law

Richard S. Lauter on behalf of Creditor Arnold Goldberg Children's Trust
Richard.Lauter@lewisbrisbois.com; lbbscaesars@gmail.com

Patrick S. Layng
USTPRegion11.ES.ECF@usdoj.gov

Harold L. Moskowitz on behalf of Creditor Rebecca Goldberg
hlmatty@aol.com

Harold L. Moskowitz on behalf of Debtor 1 Arnold Goldberg
hlmatty@aol.com

Harold L. Moskowitz on behalf of Interested Party Rebecca Goldberg
hlmatty@aol.com

Jonathan E. Strouse on behalf of Debtor 1 Arnold Goldberg
jstrouse@harrisonheld.com; jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant LPLP, Inc.
jstrouse@harrisonheld.com; jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant Lincolnshire Properties, LP
jstrouse@harrisonheld.com; jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant The Ponds, LLC
jstrouse@harrisonheld.com; jkaplan@harrisonheld.com

George N. Vurdelja on behalf of Defendant LPLP, Inc.
gvurdelja@harrisonheld.com; lbelmonte@harrisonheld.com

George N. Vurdelja on behalf of Defendant Lincolnshire Properties, LP
gvurdelja@harrisonheld.com; lbelmonte@harrisonheld.com

George N. Vurdelja on behalf of Defendant The Ponds, LLC
gvurdelja@harrisonheld.com; lbelmonte@harrisonheld.com

Matthew C. Wasserman on behalf of Creditor Stuart Gilman
mcwasserman@gct.law; aprior@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law; tstephenson@gct.law

Matthew C. Wasserman on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
mcwasserman@gct.law; aprior@gct.law; mperez@gct.law; myproductionss@gmail.com; tstephenson@gct.law; aleon@gct.law; tstephenson@gct.law

Thomas C. Wolford on behalf of Debtor 1 Arnold Goldberg
twolford@ngelaw.com; ecfdocket@ngelaw.com

*/s/   Jonathan E. Strouse*
Jonathan E. Strouse (ARDC # 6194263)
George N. Vurdelja (ARDC # 6181504)
**Harrison & Held LLP**
333 W. Wacker Drive, Suite 1700
Chicago, IL 60606
Telephone: (312) 332-1111
Facsimile: (312) 332-1150

*Attorneys for Arnold Goldberg*

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> ARNOLD GOLDBERG, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15-28900 |

**SECOND AND FINAL INTERIM APPLICATION OF JONATHAN E. STROUSE AND HARRISON & HELD, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL TAX COUNSEL TO ARNOLD GODLBERG FOR THE FEE PERIOD OF MAY 18, 2016 THROUGH FEBRURARY 7, 2018**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, and the Order Authorizing Arnold Goldberg ("Debtor") to engage Jonathan E. Strouse, an attorney at Harrison & Held, LLP, as Special Tax Counsel, entered by this Court on June 1, 2016 (the "Retention Order") and attached as Exhibit A, Jonathan E. Strouse and Harrison & Held, LLP (collectively "H&H") respectfully submit this application (the "Application") for compensation in the amount of $11,522.50 for the actual, reasonable, and necessary legal services rendered by Jonathan E. Strouse and H&H to the Debtor from May 18, 2016 through February 7, 2018 (the "Relevant Period"). In support of this Application, Jonathan E. Strouse and H&H respectfully states as follows:

**BACKGROUND**

1. On August 24, 2015, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code.

2. The Debtor's primary assets consist of his interests in The Ponds, LLC, a Delaware limited liability company ("Ponds") and Lincolnshire Properties, L.P., an Illinois limited partnership ("LPLP"). The Debtor owns 100% of the interests in LPLP and 51% of the interests in Ponds. The remaining 49% of the Ponds interests are owned by Lawrence M.

Freedman and Shayle Lapping, as Co-Trustees of the Arnold Goldberg Children's Trust. The Ponds is operated by an unrelated third party as an assisted living facility, and the LPLP is operated by an unrelated third party as a nursing facility. These properties (collectively the "Properties") are adjacent and connected and are effectively operated as a single operation. The Properties were previously operated by entities controlled by the Debtor, which entities are in the process of being wound up.

3. The Debtor is continuing in possession of his assets and is continuing to operate and maintain as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in this case.

5. Jonathan E. Strouse and H&H submitted their application for retention and compensation in their Application for Nunc Pro Tunc Order Authorizing the Debtor to Engage Jonathan E. Strouse as Special Tax Counsel and to Award De Minimus Attorneys' Fees and Costs, which was filed on May 20, 2016, then ordered by the Court June 1, 2016, seeking $2,901 in fees, all of which H&H received.

6. No retainer was collected by Jonathan E. Strouse or H&H in connection with their engagement as special tax counsel to Debtor.

7. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code.

### THE DEBTOR'S RETENTION OF JONATHAN E. STROUSE AND H&H IN THESE PROCEEDINGS

8.  On May 5, 2016, the Debtor applied to the Court for an Order Under Sections 327(a) and 330(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the employment and retention of Jonathan E. Strouse as special tax counsel for the Debtor (the "Retention Application") to perform legal services that were generally necessary to enable the Debtor to faithfully execute his duties as debtor-in-possession and resolve the related IRS tax liabilities, a copy of which is attached as Exhibit B.

9.  The Retention Application and Retention Order authorize the Debtor to compensate Jonathan E. Strouse and H&H at the firm's hourly rates charged for services performed, and to reimburse Jonathan E. Strouse and H&H for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules.

### REASONABLE AND NECESSARY SERVICES RENDERED BY JONATHAN E. STROUSE AND HARRISON & HELD, LLP

10.  During the Relevant Period, Jonathan E. Strouse and H&H incurred fees in this case in the total amount of $11,522.50. H&H's fees and costs were incurred as special tax counsel to the Debtor. In preparing this Second and Final Interim Fee Application, Jonathan E. Strouse and H&H have calculated the amount of time spent by each attorney in performing actual, necessary legal services for the Debtor. The data used came directly from computer printouts that are kept on each client of H&H. The hourly rates charged are the normal hourly rates charged by Jonathan E. Strouse and H&H to its clients, less a negotiated discount, all as is set forth in the Retention Application, which was previously approved by the Court. H&H's attorneys and paraprofessionals expended a total of 29.02 hours working on this case during the Relevant Period. Based on the rates and the services performed, the reasonable value of such

services is at least $11,522.50. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

### REASONABLE AND NECESSARY SERVICES RENDERED BY JONATHAN E. STROUSE AND H&H – CATEGORIZED BY MATTER

11. Jonathan E. Strouse and H&H have served as special tax counsel to the Debtor and Jonathan E. Strouse and other H&H attorneys have devoted substantial time and effort to this matter. All services and costs for which compensation is requested by Jonathan E. Strouse and H&H in this Application were reasonable and necessary and were performed for and on behalf of the Debtor, and not for or on behalf of any other person.

12. All H&H professionals kept a contemporaneous record of the time spent rendering such services and, consistent with guidelines of the Office of the United States Trustee, separated tasks in billing increments of one-tenth of an hour. All of the services performed by Jonathan E. Strouse and H&H have been legal in nature and necessary for the proper administration of the chapter 11 case. Detailed time entries for the services performed during the Relevant Period are attached hereto as Exhibit C. These records were made and kept in the ordinary course of H&H's business, by persons who have knowledge of the matters stated therein, and it was their regular practice to make such records at the time the services were rendered. It shows the hours and fees incurred by each timekeeper.

13. Jonathan E. Strouse's and H&H's time during the Relevant Period and subsequent expense were devoted to the following matters(s): approximately 82% to analysis and resolution of Debtor's actual and potential IRS tax issues, and 18% preparing the retention/fee applications.

4

14. Further, and set forth below are descriptions of the principal activities in which Jonathan E. Strouse and H&H professionals rendered professional services.

**Analysis and Resolution of Tax Issues – [B240]**: (Total Hours: 25.82, Total Fees: $9,477.50)

15. During this Relevant Period, H&H professional Jonathan E. Strouse, an experienced attorney, along with Jessica L. Berger, Michael R. Friedberg, Elizabeth S. Schaub, and Laura A. Masterson, all skilled attorneys with related estate planning expertise, spent time and effort preparing for, collaborating and assisting in support of, among other things, the negotiation and settlement of Debtor's IRS tax issues and liabilities, in accordance with the ultimate goal of Plan confirmation, and performed various tax-resolution tasks which included: analyzed and reviewed Debtor's tax returns; reviewed multiple tax return years; reviewed and assessed exam and appeals issues; prepared and finalized various tax forms; reviewed and drafted correspondence; analyzed trust tax ramifications; conferred with the Debtor regarding status and strategy; and met with IRS revenue agents and appeals officers to negotiate and then successfully resolve and reduce Debtor's open tax issues and deficiencies.

16. In connection with the foregoing, H&H attorneys expended 25.82 hours for which H&H seeks compensation of $9,477.50. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit C. A general breakdown is shown below.

| **Name** | **Hours** |
| --- | --- |
| Jonathan Strouse | 22.2 |
| Jessica L. Berger | 0.5 |
| Michael R. Friedberg | 2.1 |
| Elizabeth S. Schaub | 0.6 |
| | |
| Total Hours Spent on Tax Resolution | 25.82 |
| Percentage of Total Hours: | 89% |
| Total Tax Fees | $9,477.50 |

**Fee/Employment Applications – [B160]**: (Total Hours: 7.6, Total Fees: $2,040.00)

17. During the Relevant Period, Jonathan E. Strouse and H&H attorneys prepared two formal applications which included the Retention Application and Retention Order, which were both granted by the Court on June 1, 2016, as well as an additional Final Application. Jonathan E. Strouse and H&H attorneys spent time with Debtor and Debtor's accountants to analyze and define the proposed scope of work, negotiate the retention, negotiate a reasonable fee structure, and then assemble the necessary information and documentation to draft and prepare the engagement and applications. In connection with the foregoing, H&H attorneys expended a total of 7.6 hours preparing the applications, for which H&H seeks compensation of $2,040.00.

18. Jonathan E. Strouse and H&H performed the services for which it seeks compensation during the Relevant Period on behalf of the Debtor and not on behalf of any other person.

19. Under Rule 2016(b), H&H has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with H&H's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

WHEREFORE, Harrison & Held LLP respectfully requests that this Court enter an Order:

(A) Allowing Harrison & Held LLP reasonable compensation for actual, necessary legal services and expenses in the amount of $11,522.50, and authorizing the Debtor to pay Harrison & Held LLP such amount;

(B) Granting such other relief as the Court deems just and equitable.

Dated: February 13, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/  Jonathan E. Strouse*

　　　　　　　　　　　　　　　　　　　Jonathan E. Strouse (ARDC # 6194263)
　　　　　　　　　　　　　　　　　　　George N. Vurdelja (ARDC # 6181504)
　　　　　　　　　　　　　　　　　　　Harrison & Held LLP
　　　　　　　　　　　　　　　　　　　333 W. Wacker Drive, Suite 1700
　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　Telephone: (312) 332-1111
　　　　　　　　　　　　　　　　　　　Facsimile: (312) 332-1150

　　　　　　　　　　　　　　　　　　　*Attorneys for Arnold Goldberg*