**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> ARNOLD GOLDBERG, <br><br><br><br> Debtor. | Chapter 11 <br><br> Case No. 15-28900 <br><br><br> Hearing**:** March 27, 2018 at 10:00 a.m. <br><br> Hon. Timothy A. Barnes |

## NOTICE OF MOTION

     PLEASE TAKE NOTICE that on March 27, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, in Courtroom 744 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached **SEVENTH AND FINAL APPLICATION OF NEAL, GERBER & EISENBERG LLP FOR ALLOWANCE OF COMPENSATION AS COUNSEL TO THE DEBTOR FOR THE FEE PERIOD OF DECEMBER 1, 2017 THROUGH FEBRUARY 28, 2018,** a copy of which is hereby served upon you. The compensation sought herein is $31,544.50 for the actual, reasonable, and necessary legal services. No amount is being sought for reimbursement of expenses during the Current Period.

| | |
|---|---|
| Dated: Chicago Illinois <br> February 20, 2018 | Respectfully submitted, <br><br> */s/ Lawrence M. Benjamin*              <br><br> Lawrence M. Benjamin (ARDC #06196417) <br> Thomas C. Wolford (ARDC #06194526) <br> **NEAL, GERBER & EISENBERG LLP** <br> Two North LaSalle Street, Suite 1700 <br> Chicago, IL 60602-3801 <br> Telephone: (312) 269-8000 <br> Facsimile: (312) 269-1747 <br><br> *Attorneys for Debtor* |

27482128.1

# CERTIFICATE OF SERVICE

Lawrence M. Benjamin, an attorney, certifies that on March 5, 2018, he caused the **SEVENTH AND FINAL APPLICATION OF NEAL, GERBER & EISENBERG LLP FOR ALLOWANCE OF COMPENSATION AS COUNSEL TO THE DEBTOR FOR THE FEE PERIOD OF DECEMBER 1, 2017 THROUGH FEBRUARY 28, 2018** to be served electronically using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

The following is the list of parties who are currently on the list to receive email notice/service for this case:

Robert R Benjamin on behalf of Creditor Stuart Gilman
rrbenjamin@golanchristie.com,
mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Robert R Benjamin on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
rrbenjamin@golanchristie.com,
mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Beverly A Berneman on behalf of Creditor Stuart Gilman
baberneman@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Beverly A Berneman on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
baberneman@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Anthony J. D'Agostino on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
ajdagostino@golanchristie.com,
mperez@golanchristie.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Richard S Lauter on behalf of Creditor Arnold Goldberg Children's Trust
Richard.Lauter@lewisbrisbois.com, lbbscaesars@gmail.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Harold L Moskowitz on behalf of Creditor Rebecca Goldberg
hlmatty@aol.com

Harold L Moskowitz on behalf of Debtor 1 Arnold Goldberg
hlmatty@aol.com

Harold L Moskowitz on behalf of Interested Party Rebecca Goldberg
hlmatty@aol.com

Jonathan E. Strouse on behalf of Debtor 1 Arnold Goldberg
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant LPLP, Inc.
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant Lincolnshire Properties, LP
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant The Ponds, LLC
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

George N. Vurdelja on behalf of Defendant LPLP, Inc.
gvurdelja@harrisonheld.com, lbelmonte@harrisonheld.com

George N. Vurdelja on behalf of Defendant Lincolnshire Properties, LP
gvurdelja@harrisonheld.com, lbelmonte@harrisonheld.com

George N. Vurdelja on behalf of Defendant The Ponds, LLC
gvurdelja@harrisonheld.com, lbelmonte@harrisonheld.com

Matthew C Wasserman on behalf of Creditor Stuart Gilman
mcwasserman@golanchristie.com, aprior@golanchristie.com

Matthew C Wasserman on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
mcwasserman@golanchristie.com, aprior@golanchristie.com

Thomas C. Wolford on behalf of Debtor 1 Arnold Goldberg
twolford@ngelaw.com, ecfdocket@ngelaw.com

The parties listed below were served via U.S. Mail delivery:

| | |
|---|---|
| Recovery Management Systems Corporation<br>25 SE Second Avenue, Suite 1120<br>Miami, FL  33131-1605 | American Express<br>Pen Fed Credit Union<br>P.O. Box 247080<br>Alexandria, VA  22313-0456 |
| Pentagon Federal Credit Union<br>P.O. Box 1432<br>Alexandria, VA 22313 | Bank of America-MasterCard<br>P.O. Box 851001<br>Dallas, TX  75285-1001 |
| Danny Goldberg<br>89 Bleecker St., Apt. 6A<br>New York, NY  10012-1529 | Computer Solutions Incorporated<br>and Future Wave Tech, Inc.<br>4180 Ill Rt. 83 #208A<br>Long Grove, IL  60047-9563 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 | Illinois Department of Revenue<br>Bankruptcy Department<br>P.O. Box 64338<br>Chicago, IL  60664-0338 |
| Stuart N. Litwin<br>3004 Mary Kay Lane<br>Glenview, IL  60026-1137 | Synchrony Bank<br>c/o Recovery Management Systems Corp.<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL  33131-1605 |
| BlueCross BlueShield of Illinois<br>P.O. Box 7344<br>Chicago, IL  60680-7344 | Internal Revenue Service<br>PO Box 9941, Stop 6552<br>Ogden, UT 84409 |
| SNZ Diagnostics, Inc.<br>1419 Madison Drive<br>Buffalo Grove, IL 60089 | SNZ Diagnostics, Inc.<br>c/o Elvis Gonzalez<br>233 S. Wacker Drive, Suite 2100<br>Chicago, IL 60606 |
| Barbara Leve, as Special Administrator of the Estate of Vivian Turcot, Deceased<br>c/o Theodore Gilbert<br>Botto, Gilbert & Lancaster<br>970 McHenry Avenue<br>Crystal Lake, IL 60014 | NorthShore University HealthSystem<br>23056 Network Place<br>Chicago, IL 60673 |

                                                     */s/   Lawrence M. Benjamin*
                                                    Lawrence M. Benjamin (ARDC #06196417)
                                                    Thomas C. Wolford (ARDC #06194526)

27482128.1                                                          4

          **NEAL, GERBER & EISENBERG LLP**
          Two North LaSalle Street, Suite 1700
          Chicago, IL  60602-3801
          Telephone:  (312) 269-8000
          Facsimile:  (312) 269-1747

27482128.1            5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ARNOLD GOLDBERG,<br><br><br>                              Debtor. | Chapter 11<br><br>Case No. 15-28900<br><br>Hon. Timothy A. Barnes |

**SEVENTH AND FINAL APPLICATION OF NEAL, GERBER & EISENBERG LLP FOR ALLOWANCE OF COMPENSATION AS COUNSEL TO THE DEBTOR FOR THE FEE PERIOD OF DECEMBER 1, 2017 THROUGH FEBRUARY 28, 2018**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, and the Order Authorizing the Employment and Retention of Neal, Gerber & Eisenberg LLP as counsel for the Debtor entered by this Court on September 16, 2015 (the "Retention Order"), Neal, Gerber & Eisenberg LLP ("NGE"), as counsel to the Estate of Arnold Goldberg (the "Debtor"), respectfully submits this application (the "Seventh Application") for compensation in the amount of $31,544.50 for the actual, reasonable, and necessary legal services rendered by NGE to the Debtor from December 1, 2017 through February 28, 2018 (the "Current Period"). No amount is being sought for reimbursement of expenses during the Current Period. In support of this Seventh Application, NGE respectfully states as follows:

**BACKGROUND**

1. On August 24, 2015, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code.

2. The Debtor's primary assets consist of his interests in The Ponds, LLC, a Delaware limited liability company ("Ponds") and Lincolnshire Properties, L.P., an Illinois limited partnership ("LPLP"). The Debtor owns 100% of the interests in LPLP and 51% of the

27482128.1

interests in Ponds. The remaining 49% of the Ponds interests are owned by Lawrence M. Freedman and Shayle Lapping, as Co-Trustees of the Arnold Goldberg Children's Trust ("the Children's Trustees"). The Ponds is operated by an unrelated third party as an assisted living facility, and the LPLP is operated by an unrelated third party as a nursing facility. These properties (collectively the "Properties") are adjacent and connected and are effectively operated as a single operation. The Properties were previously operated by entities controlled by the Debtor, which entities are in the process of being wound up.

3. The Debtor's principal creditors are (i) his ex-wife, Rebecca Goldberg, with respect to amounts owed under that certain Marital Settlement Agreement; (ii) Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust ("Gilman"), a trust established for the benefit of Debtor's siblings, and (iii) the Children's Trustees with respect to amounts owed under that certain secured promissory note.

4. Gilman's claim arises from that certain "Family Settlement Agreement" pursuant to which the Debtor agreed to pay Gilman approximately $5 million. The Family Settlement Agreement provided that the amounts owed by Gilman were to be secured by a lien on approximately 25% of the Debtor's interests in the Ponds and LPLP. In addition to a lien on the Debtor's membership and partnership interests, the Family Settlement Agreement further provided that, upon a sale or lease to third parties, the Debtor would "obtain from such third parties collateral assignments of rent or other payments due from such third parties." On March 31, 2016, Gilman filed an adversary complaint seeking a declaration that Gilman has "a perfected first and priority security interest in the Base Rent and the Option Deposits," and that LPLP and Ponds are "prohibited from making any distributions to Debtor." Pending the

27482128.1                                    2

resolution of his adversary proceeding, the Court entered a preliminary injunction limiting the transfer and use of the Base Rent and Option Deposits.

5. The Debtor is continuing in possession of his assets and is continuing to operate and maintain as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in this case.

7. The Court has jurisdiction over this Seventh Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code.

## THE DEBTOR'S
## RETENTION OF NGE IN THESE PROCEEDINGS

8. On September 8, 2015, the Debtor applied to the Court for an Order Under Sections 327(a) and 330(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing Employment and Retention of Neal, Gerber & Eisenberg LLP as Attorneys for the Debtor [Docket No. 15] (the "Retention Application") to perform legal services that are generally necessary to enable the Debtor to faithfully execute his duties as debtor-in-possession.  Attached as Exhibit B to the Retention Application was NGE's Disclosure of Compensation of Attorney for Debtor (the "Disclosure of Compensation").

9. On September 16, 2015, this Court entered that certain Order Authorizing the Employment and Retention of Neal, Gerber & Eisenberg LLP as Attorneys for the Debtor Pursuant to Sections 327(a) and 330(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), [Docket No. 18] (the "Retention Order").  The Retention Order authorized the Debtor to employ

27482128.1                                                    3

NGE as counsel to assist the Debtor in the conduct of his case. The Retention Order authorizes the Debtor to compensate NGE at the firm's hourly rates charged for services performed and to reimburse NGE for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules.

10. Previously, NGE requested (as set forth in its first interim fee application) and was allowed fees and costs for the period August 24, 2015 through December 31, 2015 in the amount of $46,124 as attorney's fees and $1732 as costs [Docket No. 85]; NGE requested (as set forth in its second interim fee application) and was allowed fees and costs for the period January 1, 2016 through April 30, 2016 (plus additional fees for the period prior thereto not included in the first interim fee application) in the amount of $56,105.50 [Docket No. 123]; NGE requested (as set forth in its third interim fee application) and was allowed fees and costs for the period May 1, 2016 through September 30, 2016 in the amount of $91,725.55 for fees [Docket No. 157]; NGE requested (as set forth in its fourth interim fee application) and was allowed fees and costs for the period October 1, 2016 through January 31, 2017 in the amounts of $42,342.50 as attorney's fees and $68 as costs [Doc. 194]; NGE requested (as set forth in its fifth interim fee application) and was allowed fees and costs for the period February 1, 2017 through June 28, 2017 in the amounts of $78,968.50 as attorney's fees [Doc. 242]; and NGE requested (as set forth in its sixth interim fee application) and was allowed fees and costs for the period July 1, 2017 through November 30, 2017 in the amounts of $65,223.50 as attorney's fees [Doc. 281].

### REASONABLE AND NECESSARY SERVICES RENDERED BY NEAL, GERBER & EISENBERG, LLP

11. In the Current Period, NGE incurred fees in this case in the total amount of $31,544.50. NGE's attorneys and paraprofessionals expended a total of 66.70 hours working on

this case during the Current Period. Based on the rates and the services performed, the reasonable value of such services is at least $31,544.50 .

12. NGE's fees and costs were incurred as counsel to the Debtor. In preparing this Seventh Fee Application, NGE has calculated the amount of time spent by each attorney in performing actual, necessary legal services for the Debtor. The data used came directly from computer printouts that are kept on each client of NGE. The hourly rates charged are the normal hourly rates charged by NGE to its clients, less a negotiated discount, all as set forth in the Retention Application which was previously approved by the Court. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

13. NGE has served as counsel to the Debtor at all times during this case and NGE attorneys have devoted substantial time to numerous legal matters. All services and costs for which compensation is requested by NGE in this Application were reasonable and necessary and were performed for and on behalf of the Debtor, and not for or on behalf of any other person.

14. All NGE professionals kept a contemporaneous record of the time spent rendering such services and, consistent with guidelines of the Office of the United States Trustee, separated tasks in billing increments of one-tenth of an hour. All of the services performed by NGE have been legal in nature and necessary for the proper administration of the chapter 11 case.

15. Most of NGE's services were provided by Lawrence M. Benjamin. In the Current Period, however, Mr. Wolford also became involved in plan negotiations in an effort to resolve the final outstanding issues with the major creditors and, if necessary, to assist in any final

contested matters. Mr. Wolford's recorded time was 8.70 hours and 13% of the total time spent. Mr. Wolford made a valuable contribution to the administration of this case during the Current Period, including providing advice regarding important contested issues and the likely outcomes and formulating strategy. In the past, counsel for the U.S. Trustee supported the participation of Mr. Wolford and recognized the value of his contribution to this proceeding.

### SERVICES DURING THE CURRENT PERIOD – BY TASK AND MATTER

16. Detailed time entries for each NGE professional related to services performed during the Current Period are attached hereto as Exhibit A. These records were made and kept in the ordinary course of NGE's business, by persons who have knowledge of the matters stated therein, and it was their regular practice to make such records at the time the services were rendered. It shows the hours and fees incurred by each timekeeper. A breakdown of the time spent by task codes for the Current Period is attached hereto as Exhibit B.

17. Most of NGE's time during the Current Period was devoted to the following matters: approximately 38% to the Plan and Disclosure Statement (B320); approximately 22% to Case Administration (B110); approximately 12% to Meetings of and Communications with Creditors (B150); and approximately 10% to Other Contested Matters (B190).

18. Set forth below are descriptions of the principal activities in which NGE professionals rendered professional services in excess of $1,700.

**Plan and Disclosure Statement (inc. Business Plan) – B320**:
(Total Hours: 25.20; Total Fees: $11,559.00)

19. During the Current Period, NGE obtained confirmation of the Debtor's Third Amended Plan of Reorganization. Among other things, NGE conferred extensively with Debtor and the major creditors in an effort to resolve open issues and overcome obstacles to a consensual plan.

20. Significant activities during the Current Period include the following:

(a) Extended negotiations and numerous revisions regarding the terms of the Gilman Amended Note and the Gilman Restructuring Agreement in an effort to obtain Gilman's support.

(b) Analysis of objections to Debtor's plan, including review of Synchrony objection to Debtor's plan and efforts to get Synchrony to change its vote.

(c) Obtained overall agreement with Larry Freedman, Rebecca Goldberg and certain beneficiaries of the Isadore Trust on the consensual plan.

(d) Formulated, drafted and filed supplement to Debtor's third amended plan and disclosure statement, based on the progress and overall consensus reached after extensive plan negotiations and discussions.

(e) Formulated, drafted and negotiated revisions to Restructuring Support and Settlement Agreement between Debtor and Children's Trustees.

(f) Prepare reply to Gilman's objection to the plan.

(g) Solicit votes and review and tally the same with ballot report.

(h) Prepare for confirmation hearing, including proffer of testimony.

(i) Successfully obtain confirmation of Debtor's plan of reorganization.

21. The process of formulating a plan was and is complex and required significant time because of the unusual nature of the competing interests, which include the Debtor's ex-wife, a trust established for the benefit of the Debtor's siblings, and a trust established for the benefit of the Debtor's children. There were issues unique to the Debtor's ex-wife, such as the priority of her claims and whether they were dischargeable, and issues unique to the children's trust, which is both a creditor as well as an equity owner of the Ponds. All of this was compounded by difficult tax issues. Nonetheless, NGE assisted the Debtor in successfully obtaining confirmation of a plan. In connection with the foregoing, NGE attorneys expended 25.20 hours for which NGE seeks compensation of $11,559.00.

**Case Administration – B110**:
(Total Hours: 14.60; Total Fees: $6,883.00)

22. During this Current Period, NGE professionals appeared in Court for status and other court hearings, including the confirmation hearing; conferred with the Debtor regarding issues, status, settlement and strategy; advise Debtor regarding ordinary course expenses; reviewed correspondence, financial data and all pleadings filed in these cases; coordinated the filing of all of the Debtor's pleadings and monthly reports; responded to creditor inquiries; provided information required by the DOJ and/or the US Trustee; and further reviewed and analyzed claims and other issues relating to the formulation and confirmation of a plan. In connection with the foregoing, NGE attorneys expended 14.60 hours for which NGE seeks compensation of $6,883.00.

**Meetings of and Communications with Creditors – B150**:
(Total Hours: 8.10, Total Fees: $3,928.50)

23. During the Current Period, NGE engaged in and concluded substantial plan negotiations with the Debtor's major creditors, i.e. the Children's Trust, Stuart Gilman, and/or the Debtor's ex-wife, Rebecca Goldberg. NGE spent time providing information requested by and preparing for meetings with and/or presentations to counsel for these creditors, regarding, among other things, reviewing and explaining the terms of the Gilman Amended Note, the bases of the Debtor's projections, business operations, creditor issues, strategy and various other aspects of this case related to the ultimate goal of Plan confirmation and/or resolution of the pending disputes. In connection with the foregoing, NGE attorneys expended 8.10 hours for which NGE seeks compensation of $3,928.50.

**Other Contested Matters – B190:**
(Total Hours: 6.80, Total Fees: $3298)

24. In connection with the proceedings and/or claims initiated by Stuart Gilman (the trustee of the trust for the Debtor's siblings), the Debtor required the following services of NGE, among others, during the Current Period:

(a) Analyzed liabilities of Ponds and LPLP and attempted to obtain Gilman's consent to pay the same pursuant to terms of Preliminary Injunction Order.

(b) Prepared for and appeared on extended hearing on motion to allow certain payments and transfers by LPLP and Ponds pursuant to terms of Preliminary Injunction Order.

(d) In light of Gilman's objection to Debtor's plan, prepare motion to vacate stay and proceed with discovery.

(e) Analysis and participate in efforts to get Gilman to withdraw his objection to the plan.

25. In connection with the foregoing and other contested matters, NGE attorneys expended 6.80 hours for which NGE seeks compensation of $3298.

**Statement of Expenses:**
(NGE Total Expenses: $0)

26. NGE incurred a charge of $31 for filing Debtor's amended schedules. NGE is not seeking reimbursement of that expense in this Application.

\* \* \*

27. Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days notice is required for this application for compensation, except that such notice may be reduced under Bankruptcy Rule 9006(c)(1) for cause shown. This Application was filed and served on March 5, 2018, more than 21 days in advance of the scheduled hearing date on March 27, 2018. .

28.  NGE performed the services for which it seeks compensation herein on behalf of the Debtor and not on behalf of any other person.

29.  Under Rule 2016(b), NGE has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with NGE's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

30.  This Seventh Application is made without prejudice to NGE's right to seek further interim allowance and/or final allowance of compensation in the future. NGE reserves the right to seek such amounts for work performed during the Current Period but not yet reflected in NGE's time records because of customary delays (*e.g.*, vacations, etc.) or to amend the amounts listed herein to correct any errors. In the event that additional professional services were rendered or expenses were incurred on the Debtor's behalf during the Current Period which services or expenses were not processed by NGE's computer system in advance of this Quarterly Application, NGE reserves the right to seek such additional fees and expenses in a monthly statement and/or fee application filed with the Court..

WHEREFORE, Neal, Gerber & Eisenberg LLP respectfully requests that this Court enter an Order:

(A)  Allowing Neal, Gerber & Eisenberg LLP reasonable compensation for actual, necessary legal services in the amount of $31,544.50 for the Current Period, and authorizing the Debtor to pay Neal, Gerber & Eisenberg LLP such amount;

(B)  Allowing Neal, Gerber & Eisenberg LLP reimbursement of actual, necessary expenses in the amount of $0; and

(C)  Granting such other relief as the Court deems just and equitable.

Case 15-28900    Doc 322    Filed 03/05/18    Entered 03/05/18 15:06:15    Desc Main
              Document      Page 16 of 16

11

Dated:  March 5, 2018        Respectfully submitted,

 */s/ Lawrence M. Benjamin*
NEAL, GERBER & EISENBERG LLP
Lawrence M. Benjamin (ARDC #06196417)
Thomas C. Wolford (ARDC #06194526)
Two North LaSalle Street, Suite 1700
Chicago, IL  60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

ATTORNEYS FOR DEBTOR