**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 15 B 28900 |
| ARNOLD GOLDBERG, | Chapter 11 |
| Debtor. | Hon. Timothy A. Barnes |
| | **Hearing Date:  June 20, 2018 at 10:30 a.m.** |

## NOTICE OF MOTION

TO:  See Attached Service List

**PLEASE TAKE NOTICE** that on **June 20, 2018 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, in Courtroom 744 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached ***Motion Of Reorganized Debtor For Entry Of Final Decree***, a copy of which is hereby served upon you.

DATED: June 8, 2018                               ARNOLD GOLDBERG

                                                                   By: */s/ Lawrence M. Benjamin*
                                                                            One of His Attorneys

Lawrence M. Benjamin (ARDC #6196417)
Thomas C. Wolford (ARDC #06194526)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL  60602
(312) 269-8000

025415.0601:27385595.2

# CERTIFICATE OF SERVICE

Lawrence M. Benjamin, an attorney, certifies that on June 8, 2018, he caused the attached ***Motion of Reorganized Debtor for Entry of Final Decree*** to be filed electronically using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

The following is the list of parties who are currently on the list to receive email notice/service for this case:

Robert R Benjamin on behalf of Creditor Stuart Gilman
rrbenjamin@golanchristie.com,
mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Robert R Benjamin on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
rrbenjamin@golanchristie.com,
mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Beverly A Berneman on behalf of Creditor Stuart Gilman
baberneman@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Beverly A Berneman on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
baberneman@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Anthony J. D'Agostino on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
ajdagostino@golanchristie.com,
mperez@golanchristie.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com

Richard S Lauter on behalf of Creditor Arnold Goldberg Children's Trust
Richard.Lauter@lewisbrisbois.com, lbbscaesars@gmail.com

Patrick S Layng

025415.0601:27385595.2

USTPRegion11.ES.ECF@usdoj.gov

Harold L Moskowitz on behalf of Creditor Rebecca Goldberg
hlmatty@aol.com

Harold L Moskowitz on behalf of Debtor 1 Arnold Goldberg
hlmatty@aol.com

Harold L Moskowitz on behalf of Interested Party Rebecca Goldberg
hlmatty@aol.com

Jonathan E. Strouse on behalf of Debtor 1 Arnold Goldberg
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant LPLP, Inc.
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant Lincolnshire Properties, LP
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

Jonathan E. Strouse on behalf of Defendant The Ponds, LLC
jstrouse@harrisonheld.com, jkaplan@harrisonheld.com

George N. Vurdelja on behalf of Defendant LPLP, Inc.
gvurdelja@harrisonheld.com, lbelmonte@harrisonheld.com

George N. Vurdelja on behalf of Defendant Lincolnshire Properties, LP
gvurdelja@harrisonheld.com, lbelmonte@harrisonheld.com

George N. Vurdelja on behalf of Defendant The Ponds, LLC
gvurdelja@harrisonheld.com, lbelmonte@harrisonheld.com

Matthew C Wasserman on behalf of Creditor Stuart Gilman
mcwasserman@golanchristie.com, aprior@golanchristie.com

Matthew C Wasserman on behalf of Plaintiff Stuart Gilman, not personally but as Trustee of the Isadore Goldberg Revocable Trust
mcwasserman@golanchristie.com, aprior@golanchristie.com

Thomas C. Wolford on behalf of Debtor 1 Arnold Goldberg
twolford@ngelaw.com, ecfdocket@ngelaw.com

The parties listed below were served via U.S. Mail delivery:

| | |
|---|---|
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn Street, Room 873<br>Chicago, IL  60604-2027 | Internal Revenue Service<br>P.O. Box 9941, Stop 6552<br>Ogden, UT 84409 |
| Synchrony Bank<br>c/o Recovery Management Systems Corporation<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Pentagon Federal Credit Union<br>P.O. Box 1432<br>Alexandria, VA  22313 |
| SNZ Diagnostics, Inc.<br>c/o Elvis Gonzalez<br>233 S. Wacker Dr., Suite 2100<br>Chicago, IL 60606 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 |
| Barbara Leve, as Special Administrator of the Estate of Vivian Turcot, Deceased<br>c/o Theodore Gilbert<br>Botto, Gilbert & Lancaster<br>970 McHenry Avenue<br>Crystal Lake, IL 60014 | BlueCross BlueShield of Illinois<br>P.O. Box 7344<br>Chicago, IL  60680-7344 |
| Northshore University HealthSystem<br>23056 Network Place<br>Chicago, IL 60673 | Bank of America-MasterCard<br>P.O. Box 851001<br>Dallas, TX  75285-1001 |
| Danny Goldberg<br>89 Bleecker St., Apt. 6A<br>New York, NY  10012-1529 | Illinois Department of Revenue<br>Bankruptcy Department<br>P.O. Box 64338<br>Chicago, IL  60664-0338 |
| Stuart N. Litwin<br>3004 Mary Kay Lane<br>Glenview, IL  60026-1137 | Synchrony Bank<br>c/o Recovery Management Systems Corp.<br>25 S. E. 2nd Avenue, Suite 1120<br>Miami, FL  33131-1605 |
| American Express<br>Pen Fed Credit Union<br>P.O. Box 247080<br>Alexandria, VA  22313-0456 | Arnold Goldberg<br>2561 Windrush Lane<br>Northbrook, IL  60062 |
| Computer Solutions Incorporated and Future Wave Tech, Inc.<br>4180 Ill. Rt. 83 #208A<br>Long Grove, IL  60047-9563 | |

4

*/s/ Lawrence M. Benjamin*
Lawrence M. Benjamin

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ARNOLD GOLDBERG,<br><br>                       Debtor. | Case No. 15 B 28900<br><br>Chapter 11<br><br>Hon. Timothy A. Barnes<br><br>**Hearing Date: June 20, 2018 at 10:30 a.m.** |

## MOTION OF REORGANIZED
## DEBTOR FOR ENTRY OF FINAL DECREE

Arnold Goldberg (the "Debtor") respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and a discharge pursuant to section 1141(d)(5) of the Bankruptcy Code. In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1.      On August 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2.      The Debtor's primary assets as of the Petition Date consisted of his direct and indirect interests in two income-producing real estate properties, each of which was encumbered by one or more mortgages.

3.      On November 14, 2017, the Debtor filed his Debtor's Disclosure Statement for the Debtor's Third Amended Plan Of Reorganization Dated November 14, 2017 [Docket No.

262] (the "Disclosure Statement") which was supplemented by Debtor's Supplement to Debtor's Disclosure Statement for the Debtor's Third Amended Plan Of Reorganization Dated November 14, 2017 [Docket No. 287] (the "Supplement").

4. On November 14, 2017, the Debtor filed his Debtor's Third Amended Plan Of Reorganization Dated November 14, 2017 [Docket No. 261] (as amended, the "Plan").

5. On January 23, 2018, the court entered its Order Approving Disclosure Statement for Debtor's Third Amended Plan of Reorganization Dated November 14, 2017 and confirming Debtor's Plan of Reorganization Dated November 14, 2017, as Modified [Docket No. 304] (the "Confirmation Order").

6. Pursuant to Section 1.15 of the Plan, the Effective Date of the Plan occurred on February 6, 2018, which was the date on which the Confirmation Order confirming the Plan became a Final Order.

## RELIEF REQUESTED

7. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

8. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

9. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a

nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

    (i)    the order confirming the plan has become final;

    (ii)    deposits required by the plan have been distributed;

    (iii)    the property proposed by the plan to be transferred has been transferred;

    (iv)    the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    (v)    payments under the plan have commenced; and

    (vi)    all motions, contested matters, and adversary proceedings have been finally resolved.

10. Various courts have viewed these factors as a guide for determining whether a case should be closed. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223-24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same). In addition to the factors set forth above, courts also have considered whether the plan of reorganization has been substantially consummated. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (considering substantial consummation as a factor); *Gates Cmty. Chapel*, 212 B.R. at 224 (same). Finally, other bankruptcy courts have further noted that entry of a final decree is appropriate to stop the accrual of section 1930(a)(6) fees. *See In re Jr. Food Mart of Ark., Inc.,* 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

11. Although the factors set forth above are important, courts have reaffirmed the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608, 2005 WL 1668396, *2 (Bankr. D, Del. June 24, 2005); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. ND Ill 1990) ("The Court finds the Committee Note to the new rule illuminative and essentially adopts its language.  Noteworthy, however, is that all of the factors in the Committee Note need not be present before the Court will enter a final decree.").

12. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. *See In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991).  To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. *See Walnut Assocs.*, 164 B.R. at 492.  Section 1101(2) defines substantial consummation as follows:

> (a)  transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (b)  assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
>
> (c)  commencement of distributions under the plan.

11 U.S.C. § 1101(2); *see also In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992)

(holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

13. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been made set forth in the Distribution Report attached hereto as Exhibit A and incorporated herein by reference.

14. In this case, the Confirmation Order has become a final order. The initial transfers to Stuart Goldberg, as trustee of the Isadore Goldberg Trust, Rebecca Goldberg, the Children's Trust and the Class 4 creditors on the Effective Date have been made. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## NOTICE

15. Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (b) counsel to all parties that have appeared in the case, and (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

16. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

| | |
|---|---|
| Dated: Chicago, Illinois<br>June 8, 2018 | Respectfully submitted,<br><br>  /s/ Lawrence M. Benjamin<br>NEAL, GERBER & EISENBERG LLP<br>Lawrence M. Benjamin (ARDC #6196417)<br>Thomas C. Wolford (ARDC #06194526)<br>Two North LaSalle Street, Suite 1700<br>Chicago, IL  60602-3801<br>Telephone: (312) 269-8000<br>Facsimile: (312) 269-1747<br><br>ATTORNEYS FOR REORGANIZED DEBTOR |