**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | In Chapter 11 |
| | ) | |
| **ARNOLD GOLDBERG,** | ) | Case No.  15 B 28900 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE**

STUART GILMAN, not personally but as Trustee of the ISADORE GOLDBERG REVOCABLE TRUST ("Isadore Trust"), by and through his attorneys, Robert R. Benjamin, Beverly A. Berneman, Matthew C. Wasserman and Anthony J. D'Agostino of GOLAN CHRISTIE TAGLIA LLP, respectfully submits the following objection to Debtor, Arnold Goldberg's ("Debtor") Motion for Entry of Final Decree, and in support thereof state as follows::

**BACKGROUND**

1. On January 23, 2018, this Court entered an order approving Debtor's Disclosure Statement for his Third Amended Plan of Reorganization Dated November 14, 2017 and confirming Debtor's Plan of Reorganization Dated November 14, 2017, as Modified (the "Plan").

2. In the Plan, Debtor agreed to amend, restate and restructure his obligations to the Isadore Trust. Upon entry of the order confirming the Plan, the parties executed documents memorializing the amendments, restatements and restructuring in the form of an Amended and Restated Promissory Note ("Amended Note") [**Exhibit 1**] and a Restructuring Support Agreement and Settlement Agreement ("Restructuring Agreement") [**Exhibit 2**].

### SUMMARY OF OBJECTION

3.      Debtor is not entitled to a Final Decree because the Plan has not been fully administered.

### STANDARD OF ANALYSIS

4.      A bankruptcy court may close a Chapter 11 case if the estate has been "fully administered." 11 U.S.C. § 350(a).  Fed. R. Bankr. P. 3022 implements § 350 in Chapter 11 cases only "after an estate is fully administered in a Chapter 11 reorganization case."

5.      Although the phrase "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, the 1991 Advisory Committee Note to Fed. R. Bankr. P. 3022 provides various factors to consider if an estate has been "fully administered":

> Factors that the [bankruptcy] court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

### ARGUMENT

6.      Even under the minimal standards of Fed. R. Bankr. P. 3022, Debtor's estate has not been fully administered. Since the entry of the order confirming the plan, Debtor has consistently failed to comply with his duties to the Isadore Trust pursuant to the Plan, the Amended Note and the underpaid distributions to the Isadore Trust required by the Restructuring Agreement.

7.      First, under Section 4(d) of the Amended Note, Debtor is required to pay to the Isadore Trust, one $1/12^{th}$ of the minimum amount of payments identified in Section 4(c) of the Amended Note plus "an amount reasonably estimated by Maker from time to time as being

$1/12^{th}$ of the estimated annual amount of Excess Income due or to become due under Section 4(c)". To date, Debtor has not made a payment pursuant to identified portion of Section 4(d). The month of May 2018 was a critical month with respect to the $1/12^{th}$ estimated Excess Income. In May 2018, Debtor's entities received large option payments from the entities' lessee. Debtor's most recent distribution to the Isadore Trust should have been included as Excess Income in Debtor's June payment to the Isadore Trust. Debtor did not include the distribution. In order to resolve this deficiency and determine what amounts are, indeed, owed pursuant to Section 4(d), the Isadore Trust requested that Debtor provide a statement or documentation showing the amount of estimated annual income. Debtor has refused to do so. Until Debtor makes the distributions required by Section 4(d) from the date of confirmation forward, the Plan has not been fully administered.

8. Second, all payments that have been made have not been timely. The Isadore Trust has had to dun the Debtor and follow up with him to obtain each payment.

9. Third, as a result of the Debtor's failure to perform his obligations under the Amended Note, the Isadore Trust has expended costs including attorneys' fees in pursuing collection activity. Pursuant to Section 12 of the Amended Note, Debtor must pay the costs of collection. Until those costs are paid, the Debtor has not fully administered his estate.

10. Fourth, pursuant to Section 5(b) of the Amended Note, plans distributions were to be approved by either Stuart Gilman or Lawrence Freedman. To date, Debtor has been making distributions without the approval of Stuart Gilman or Lawrence Freedman. Stuart Gilman has requested that Debtor provide him with a statement showing the proposed distributions prior to making each distribution. Debtor has refused to do so. Until Debtor fully complies with Section 5(b) of the Amended Note, the Plan has not been fully administered.

11. Fifth, pursuant to ¶ 6 of the Restructuring Agreement, Debtor was required to pay Stuart Gilman in his capacity as Trustee of the Isadore Trust a yearly administrative fee in the amount of $7,500.00 per entity for a total of $15,000.00 to compensate the Isadore Trust for the duties Stuart Gilman must perform under the Restructuring Agreement. Debtor has failed and refused to pay the first yearly fee. Until Debtor complies with ¶ 6 of the Restructuring Agreement, the Plan has not been fully administered.

## CONCLUSION

12. The Plan has not been fully administered. Therefore, Debtor's motion for a final decree order should be denied.

WHEREFORE, Plaintiff, STUART GILMAN, not personally but as Trustee of the ISADORE GOLDBERG REVOCABLE TRUST, prays this Court enter an order denying Debtor's Motion for Final Decree and for such other and further relief as this Court deems just and proper.

Dated: June 14, 2018

STUART GILMAN, not personally but as Trustee of the ISADORE GOLDBERG REVOCABLE TRUST,

By: /s/*Beverly A. Berneman*
    Beverly A. Berneman
    One of his Attorneys

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC #6189418)
Matthew C. Wasserman (ARDC #6287638)
Anthony J. D'Agostino (ARDC #6299589)
GOLAN CHRISTIE TAGLIA LLP
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
F: 312-263-0939
rrbenjamin@gct.law
baberneman@gct.law
mcwasserman@gct.law
ajdagostino@gct.law